

# Pinckney, Weidinger, Urban & Joyce LLC

2 Mill Road, Suite 204❖Wilmington, Delaware 19806
Telephone (302) 504-1497❖Facsimile (302) 442-7046

Megan Ix Brison
(302) 485-0835
Mixbrison@pwujlaw.com

April 6, 2023

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE  19801

      RE:   *Discrete Holdings LLC, et al. v. Intrado Corporation,*
              Case No. 1:21-cv-01647 (CFC)
              **Letter in Support of Motion for Protective Order**

Dear Chief Judge Connolly:

      Defendant Intrado Corporation ("Intrado") seeks a protective order from (A) Plaintiffs' Notice of Rule 30(b)(6) deposition of Intrado, noticed for April 10, 2023 [D.I. 42]; and (B) the commencement of depositions until written discovery, document production, and third-party productions are substantially complete. Plaintiffs initially represented that the Rule 30(b)(6) April 10 date (Easter Monday) was a "placeholder," but then retracted that representation when the parties were unable to resolve their discovery disputes.  Ex. A at 2-3.  When the Court scheduled oral argument on April 11, and given that Plaintiffs have not cured the material deficiencies in their document production (*see* Intrado's separate Motion to Compel), Intrado requested that the deposition not go forward as noticed (Ex. A at 1), but Plaintiffs declined, requiring this motion for protective order.[1]

---

[1]  Plaintiffs demanded that Intrado commit to first Wednesday, April 12, and then Friday, April 14, 2023 for the corporate deposition.  Given the unresolved discovery issues, the upcoming Easter holiday weekend, the April 11 hearing, and

The Honorable Colm F. Connolly
April 6, 2023
P a g e | 2

This is a $560,000 indemnification dispute. Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the proportionality limitations of Rule 26(b). The Court has discretion to issue a protective order where there is "good cause" to avoid "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Such is the case here. Proportionality concerns favor the completion of party and third party productions and written discovery, or at least substantial completion, before depositions proceed, as was contemplated under the initial Scheduling Order to mitigate risk of a party seeking to re-depose witnesses. D.I. 15 (document production cutoff December 30, 2022, discovery cutoff January 31, 2023). Proportionality concerns extend beyond the amount in controversy, because Intrado no longer owns Flowroute, and most of the persons with knowledge identified by the parties no longer work for Intrado.

When Plaintiffs requested an extension of time to complete their document production, the parties stipulated to extend the deadline to complete document production to January 13, 2023, with a concomitant extension for the discovery cutoff to February 17, 2023. D.I. 36. Then the parties entered a stay, as approved by the Court, for mediation. D.I. 39, 40.

Plaintiffs, however, had not achieved substantial completion of their document production by the January 13, 2023 deadline. Not even close. Instead, Plaintiffs made a production on January 18. Then, after the stay expired when the parties failed to settle at mediation, Plaintiffs made further substantive productions on March 15 and March 29, which are themselves the subject of Intrado's Motion to Compel.

Plaintiffs' sprawling approach to discovery is highly disproportionate to this $560,000 indemnification dispute. Ex. A at 1-2. Ordinarily, document and written discovery is complete before deposition practice. Since March 17, 2023, Plaintiffs have served a "Supplemental" Response to Intrado's Interrogatory No. 15, asserting that the SPA is ambiguous and that "it is clear the parties did not intend to include fees imposed by regulatory agencies, such as the FCC, in any capacity as part of the indemnification provision of the SPA."

Plaintiffs also supplemented their initial disclosures twice, served a second set of "supplemental" responses to interrogatories, and notified Intrado yesterday

---

Intrado's need to consult with its corporate designees on their availability, Intrado was unable to make such a commitment.

The Honorable Colm F. Connolly
April 6, 2023
P a g e | 3

that it is serving five (5) third party subpoenas, including two sets of Intrado outside counsel,[2] an Intrado former employee, and PwC. And yet Plaintiffs still seek to complete fact discovery by April 25th. This is just not feasible or proportional.

Plaintiffs are expanding the scope of discovery far beyond the face of the Complaint without seeking leave to amend. Intrado should not be unduly burdened by Plaintiffs' delay in waiting until March and April 2023 to reverse their position on the plain meaning of the SPA and simultaneous exploitation of discovery. All of this post-mediation discovery is designed for two ends: to run up Intrado's defense costs in a disproportionate manner, and to manufacture ambiguity where there otherwise is none, through hindsight. But no amount of discovery can change the words in the SPA and its related transaction documents.

Should the Court deny Intrado's Motion to Stay, Intrado seeks a protective order prohibiting the commencement of depositions, including its Rule 30(b)(6) deposition, until written discovery, document production, and third-party productions are substantially complete.

Respectfully submitted,

*/s/ Megan Ix Brison*

Megan Ix Brison, Esq.

Words: 750

Enclosures

Cc: Margaret F. England (CM/ECF and electronic mail)

---

[2] With no authority, Plaintiffs have demanded that objections on behalf of outside counsel law firms be filed immediately, notwithstanding the provisions of Rule 45 and the dates noticed in the subpoenas themselves.

The Honorable Colm F. Connolly
April 6, 2023
P a g e | **4**

## CERTIFICATION

I hereby certify that Defendant's Letter in Support of its Motion for Protective Order complies with the type, font, and word limitations set forth in the Scheduling Order [D.I. 15]. I further certify that the Letter contains 750 words.

*/s/ Megan Ix Brison*
Megan Ix Brison, Esq.
