

# Pinckney, Weidinger, Urban & Joyce LLC

2 Mill Road, Suite 204❖Wilmington, Delaware 19806
Telephone (302) 504-1497❖Facsimile (302) 442-7046

Megan Ix Brison
 (302) 485-0835
Mixbrison@pwujlaw.com

April 6, 2023

<u>Via CM/ECF and Hand Delivery</u>

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE  19801

> **RE:  *Discrete Holdings LLC, et al. v. Intrado Corporation,***
> **Case No. 1:21-cv-01647 (CFC)**
> **Letter in Support of Motion to Compel**

Dear Chief Judge Connolly:

For the reasons set forth in Intrado's Motion for Leave [D.I. 45] and Motion to Stay [D.I. 46], Intrado believes that early summary judgment is appropriate and discovery should be stayed pending adjudication of such a motion.

However, should the Motion to Stay be denied, pursuant to FRCP 37, Intrado seeks an order compelling Plaintiffs Discrete Holdings LLC, Sean Hsieh, and Jordan Levy ("Plaintiffs") to: (1) re-produce the documents in Plaintiffs' March 15 and March 29, 2023 productions in a manner preserving the familial relationships of the documents, with metadata; and (2) produce an amended privilege and redaction log.

Plaintiffs have made five productions to date.[1]  Plaintiffs' March 15 production contained email communications without attachments.  Intrado raised this issue on March 17.  Ex. A.  During a March 24 meet & confer, Plaintiffs

---

[1] Plaintiffs produced 72 documents on or before the extended document production deadline of January 13, 2023 (*see* D.I. 36), and an additional 155 documents on January 18, March 15 and March 29, 2023.

The Honorable Colm F. Connolly
April 6, 2023
P a g e | **2**

represented that the missing attachments was a "snafu" they would correct.  On March 29, Plaintiffs produced 85 "attachments," without reproducing their corresponding emails.  The next day, Plaintiffs served an "attachment log" purporting to correlate the attachments with their associated email produced on March 15. Ex. B.

Intrado requested that Plaintiffs re-produce the documents in a manner that maintains familial relationships, and produce the metadata so that Intrado can confirm the production's accuracy.  Ex. C at 5; *Id.* at 3.  Plaintiffs refused. Ex. C at 4; *Id.* at 2.[2]  When the parties discussed electronic discovery, they reserved the right to request metadata if necessary.  Ex. D at 1-2.  Plaintiffs' production of attachments divorced from their corresponding emails is not sufficient and the metadata is necessary.

First, Plaintiffs' productions and attachment log do not comply with FRCP 34(b)(2)(E), which requires that documents be produced as they are kept in the usual course of business.  *See, e.g., vMedex, Inc. v. TDS Operating, Inc.*, 2021 WL 4709978, at *1-2 (D. Del. Oct. 8, 2021) (Federal Rules "require documents to be produced as they are kept in the usual course of business" and the Delaware Default Standard of Discovery "requires that electronically stored documents, such as email, be produced with familial information to connect a primary document with its attachments," ordering that plaintiffs produce documents in "a manner that preserves the familial relationship of the documents to each other").

Second, Plaintiffs' "attachment log" has obvious errors, including incorrect file names, failure to identify certain attachments, and demonstrates omissions of attachments in the production.  Intrado's counsel detailed these issues in a March 31, 2023 email.  Ex. C at 1-2.  Plaintiffs admit these were "human error" but refuse to re-produce their March 15 and March 29 productions.

---

[2] Plaintiffs' claim they do not have to re-produce documents or produce metadata because the "emails (and its metadata) is independently available to Intrado" (Ex. C at 2) does not relieve Plaintiffs of their discovery obligations.  *See Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (collecting cases where "a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents").

The Honorable Colm F. Connolly
April 6, 2023
P a g e | 3

Also concerning is Plaintiffs' assertion they "produce[d] copies of the *attachments that Plaintiffs were able to find.*" Ex. E at 4 (emphasis added). Plaintiffs' counsel indicated attachments may have been missed when they went back through the emails. Producing metadata would confirm that *all* attachments are produced with the *correct* corresponding email.

Plaintiffs served a "redaction log" on March 15, identifying documents by bates-number and email subject, with no basis for the redactions required by FRCP 26(b)(5). Ex. F. Plaintiffs assert their February 23, 2023 privilege log encompasses the March 15 production. Ex. E at 1-2. The privilege log does not have bates-numbers or email times, making it impossible for Intrado to connect a redacted email to the privilege log to assess the basis for Plaintiffs' redactions. *Compare* Ex. F at 2-4 *with* Ex. G (excerpt of Plaintiffs' privilege log). Despite Intrado's requests, Plaintiffs refuse to amend their logs. Ex. H at 1-2; Ex. I at 1; Ex. E at 1-2.

Accordingly, Intrado respectfully requests that this Court enter an order in the form submitted herewith, requiring Plaintiffs to re-produce their March 15 and March 29 productions with metadata and produce an amended privilege and redaction log, within three (3) days, and award Intrado its attorneys' fees associated with this motion.

Respectfully submitted,

*/s/ Megan Ix Brison*

Megan Ix Brison, Esq.

Words: 750

Enclosures

Cc: Margaret F. England (CM/ECF and electronic mail)

The Honorable Colm F. Connolly
April 6, 2023
P a g e | **4**

## CERTIFICATION

I hereby certify that Defendant's Letter in Support of its Motion to Compel

complies with the type, font, and word limitations set forth in the Scheduling Order

[D.I. 15]. I further certify that the Letter contains 750 words.

/s/ *Megan Ix Brison*
Megan Ix Brison, Esq.