# Exhibit C

**Megan Ix Brison**

| | |
|---|---|
| **From:** | Megan Ix Brison |
| **Sent:** | Friday, March 31, 2023 1:00 PM |
| **To:** | Thomas Urban; Tony Lee; Seth Williams; Margaret F. England |
| **Cc:** | Elizabeth Wilburn Joyce |
| **Subject:** | RE: Discrete v. Intrado - Plaintiffs' Production of Attachments |
| **Follow Up Flag:** | Copied to Worldox (PHPDocs\7025\0\EMAIL\00241719.MSG) |

Tom,

With respect to Plaintiffs March 15 and March 29 productions and log:

The parties agreed on production of PDFs, while reserving the right to request metadata if necessary. The metadata is necessary. First, Plaintiffs failed to produce documents as they were kept in the ordinary course of business, as required by the federal and local rules. Second, the manner in which Plaintiffs produced documents makes it impossible to identify familial relationships between documents. There is no way verify that the log created by Plaintiffs is accurate, or if all attachments have been produced. A closer review of the production and log demonstrates errors in the log and omissions in the production. The metadata must be produced.

Many of the emails for which the log identifies attachments do not actually identify attachments or file names. For example, there is no way to identify from the face of DH787 what, if any, attachment is associated with that email. There is no way to verify that the file name on the log corresponds with an attachment to DH787. For other examples of this issue, *see, e.g.,* DH792, DH805, DH807-808, DH809, DH811, DH819, DH820, DH823, DH826, DH832, DH841, DH893-DH894, DH929, and DH934-935. Similarly, there is no way to tell if there are attachments that were not produced.

It appears there are many instances where information that could be identifying attachments and their file names (or the absence thereof) has been redacted. Plaintiffs have not provided a redaction log that provides a basis or explanation for the redactions, in contrast with Intrado's redaction log which provides the basis for redactions in its production. Many of the documents in Plaintiffs' March 15 production are heavily redacted, and include redactions mid-email chain with no basis. *See, e.g.* DH903-DH906 (redacting information between the 5.17.18 email and 5.11.18 email, the between 5.11.2018 email and 5.31.18 email, and between the 5.31.18 and 6.8.18 email). If DH903-DH906 is a continuous email chain, it is hard to imagine a basis for the mid-email chain redaction of communications that were then sent to parties outside of any potential privilege. If it is not a continuous email chain, it is another example of Plaintiffs' failure to produce documents and communications as they are kept in the ordinary course of business. We have already requested an amended redaction log and Intrado reserves all rights on that issue.

More troublesome is that there are obvious errors on Plaintiffs' log, which also reveal omissions in the production. For example:

- DH883 identifies an attachment entitled "West Project Deco – Form of Escrow Agreement." This attachment is not on your log and does not appear to have been produced.
- The log identifies 10 attachments associated with DH877-882, yet the face of those emails identifies only 7 attachments. Why is there a disparity? A similar issue exists with respect to DH906.
- DH901-DH902 identifies two attachments: "Project Deco – Stock Purchase Agreement" and "Redline_4838-8777-3541v8_Project Deco – Stock Purchase Agreement – 4838-….pdf". The log identifies the following file names of attachments: "Project Deco – Stock Purchase Agreement" and "….pdf". A similar issue appears on DH913 and the associated file names on the log.

- DH905 identifies two attachments: "Project Deco – Stock Purchase Agreement v2" and "Project Deco – Stock Purchase Agreement v2 (redline)". These are not on the log and do not appear to have been produced.
- DH931 identifies 4 attachments, but only 3 are identified on the log.
- DH954-DH955 shows that there was an attachment to the email – "Indemnification Claim Notice 11-19-20" which is not on the log and does not appear to have been produced.

This does not purport to be an exhaustive list of all of the issues presented by Plaintiffs' production and log. It is evident that, even if the creation of log was sufficient – and it is not – the inaccuracies in Plaintiffs log make it entirely unreliable. There are still attachments missing from the production. The only way to remedy the production issues raised by Plaintiffs disjointed production is to reproduce the documents with the metadata.

If Plaintiffs refuse to produce the metadata associated with their March 15 and March 29 productions by COB Monday, Intrado will be forced to move to compel on this issue and will seek fees. Please advise if Plaintiffs will be producing the metadata.

With respect to Intrado's investigation of communications around the tax side letter:

We understand your email to be confirming that it is not Plaintiffs' position that their document requests should be construed to broadly seek all documents and communications related to every document in the SPA and closing binder. On the March 24 meet & confer, we specifically discussed negotiations related to the tax side letter. While Intrado maintains its position that the tax side letter has no relevance to the indemnification claim of the Disputed Fees, Intrado agreed to look into the negotiations of that specific document and we are doing so. When you say "Plaintiffs merely seek relevant documents regarding the negotiation of the relevant provisions of the SPA that are implicated by Intrado's indemnification request, **including but not limited to**, the Tax Side Letter," no other provisions were raised during the March 24 meet & confer, and as we stated, our investigation is so limited. Should the Court adopt the language in this morning's proposed form of order filed by Plaintiffs, on which the parties have not met and conferred, we will object to the expansion of discovery beyond the side tax letter.

Regards,
Megan

---

**From:** Thomas Urban <urban@fhhlaw.com>
**Sent:** Thursday, March 30, 2023 3:06 PM
**To:** Megan Ix Brison <MIxbrison@pwujlaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>; Margaret F. England <mengland@gsbblaw.com>
**Cc:** Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** RE: Discrete v. Intrado - Plaintiffs' Production of Attachments

Ms. Brison –

1. We hereby provide you with a log identifying which attachment produced on March 29 is associated with its respective email produced on March 15, 2023. We will have to agree to disagree whether this log complies with the applicable rules and the applicable orders in this case. I would note that the parties explicitly agreed at the beginning of this lawsuit that production of PDFs was acceptable and that native documents and metadata were not required. So far, you have not explained why such metadata is specifically required in this situation. Each of these emails is independently in the possession, custody, and control of Intrado, as they are emails between West employees, attorneys, or consultants on one side and Plaintiffs' employees, attorneys, or consultants on the other. Thus, every one of these emails (and its metadata) is independently available to Intrado.

2. We will have to agree to disagree regarding the significance of the Tax Side Letter. Plaintiffs have put that letter at issue in this case and there is a factual issue whether that letter is part of the SPA. That is a crucial factual issue to the determination of any motion for summary judgment that Intrado may file.

3. No one has argued that "Plaintiffs['] document requests [should be construed] to broadly seek all documents and communications related to every document in the SPA closing binder." To the contrary, Plaintiffs merely seek relevant documents regarding the negotiation of the relevant provisions of the SPA that are implicated by Intrado's indemnification request, including but not limited to, the Tax Side Letter. We do not understand why it is taking Intrado so long to address this issue, other than as an attempt to slow roll the production of documents that undercut Intrado's claims in this lawsuit. We hope that Intrado will cooperate in the provision of this discovery to avoid involving the Court in this dispute.

Thank you for your attention to these issues,

Tom

Thomas F. Urban II
Member
Fletcher, Heald & Hildreth, PLC
Licensed to practice law in the Virginia, District of Columbia, and Texas.
1300 N. 17th Street, Suite 1100 | Arlington, VA 22209
Tel: 703.812.0462 | Fax: 703.812.0486 | Mobile: 703-861-5235

---

**From:** Megan Ix Brison <MIxbrison@pwujlaw.com>
**Sent:** Thursday, March 30, 2023 1:29 PM
**To:** Thomas Urban <urban@fhhlaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>; Margaret F. England <mengland@gsbblaw.com>
**Cc:** Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** RE: Discrete v. Intrado - Plaintiffs' Production of Attachments

Tom,

1. With respect to Plaintiffs' production from 3/29, an index does not satisfy the requirements of the federal and local rules. The emails have been separated from their attachments. An after-the-fact preparation of the index you describe is not conducive to a reliable record for deposition practice and/or trial. Given the state of the production, we are entitled to the metadata that evidences the family relationships of the documents as they were kept in the ordinary course of business. We renew our request for either production of the metadata, or a re-production of the subject emails with their corresponding attachments.

2. With regard to Margaret's email from yesterday evening, Intrado has not placed the tax side letter at issue, and Intrado's position is that the tax side letter has no bearing on the indemnification dispute for the Disputed Fees. The only reason it is referenced in Intrado's motion papers is to provide the Court with context for Plaintiffs' Supplemental Interrogatory Response, in which Plaintiffs assert ambiguity.

3. As we indicated on March 24, we did not construe Plaintiffs document requests to broadly seek all documents and communications related to every document in the SPA closing binder when we collected documents in 2022. We understood that our proposal to investigate communications around the side letter was a compromise of Plaintiffs' construction of their own document requests to encompass negotiation of the entire transaction, given that the Complaint focuses on indemnification of the Disputed Fees alone. Without waiver of our prior objections as to document production on negotiations beyond the SPA itself, and as I reiterated in my letter yesterday, we are investigating the feasibility and proportionality of an additional production related to

negotiations of the tax side letter. We will get back to you on this issue no later than April 5. However, if Plaintiffs still contend that negotiations related to each and every document within the closing binder is called for by Plaintiffs' document requests, then we have a ripe discovery dispute. If we have misunderstood your requests or position on this issue, please let us know. We would certainly prefer to avoid unnecessary motion practice.

Regards,
Megan

**From:** Thomas Urban <urban@fhhlaw.com>
**Sent:** Thursday, March 30, 2023 11:44 AM
**To:** Megan Ix Brison <MIxbrison@pwujlaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>; Margaret F. England <mengland@gsbblaw.com>
**Cc:** Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** RE: Discrete v. Intrado - Plaintiffs' Production of Attachments

Ms. Brison –

We are in the process of preparing an index that will identify which attachments correlate to each of the previously produced electronic mail messages. This will more than satisfy the requirements of the federal and local rules.

There is no right to a complete document production prior to the taking of depositions, as the federal rules permit additional supplemental productions when new documents are uncovered. Defendant itself is still "investigating" whether it is going to produce relevant documents responsive to Plaintiffs' requests. Intrado cannot use its own failure to produce documents as a pretext for not complying with its obligations to present deponents.

Further, please respond to Ms. England's inquiry regarding the "Tax Side Letter." Is Intrado contending that that letter is incorporated into the SPA? The answer to that question is very relevant to the issue of the documents that Intrado is failing to produce.

Thank you,

Tom

Thomas F. Urban II
Member
Fletcher, Heald & Hildreth, PLC
Licensed to practice law in the Virginia, District of Columbia, and Texas.
1300 N. 17th Street, Suite 1100 | Arlington, VA 22209
Tel: 703.812.0462 | Fax: 703.812.0486 | Mobile: 703-861-5235


Sent from Mail for Windows

**From:** Megan Ix Brison
**Sent:** Thursday, March 30, 2023 11:23 AM
**To:** Thomas Urban; Tony Lee; Seth Williams; Margaret F. England
**Cc:** Elizabeth Wilburn Joyce
**Subject:** Discrete v. Intrado - Plaintiffs' Production of Attachments

Dear Tom,

4
Page 4

We are in receipt of your email containing "attachments to the documents produced on 3/15/2023." The production consists of only documents purporting to be "attachments" without any identification of the corresponding cover email or document. This is not an acceptable manner of producing attachments to documents. *See, e.g., vMedex, Inc. v. TDS Operating, Inc.*, 2021 WL 4709978, at *1 (D. Del. Oct. 8, 2021) (noting that the Federal Rules "require documents to be produced as they are kept in the usual course of business" and that the Delaware Default Standard of Discovery "requires that electronically stored documents, such as email, be produced with familial information to connect a primary document with its attachments.") In Margaret's October 6, 2022 email, it was confirmed that Plaintiffs would not have an issue inserting slip sheets between any e-mails and attachments to the e-mail. That email also confirmed the parties' agreement to reserve the right to seek metadata, if necessary.

Please remedy this issue as soon as possible, by either producing the metadata associated with the March 15, 2023 and March 29, 2023 productions so that we can view the familial relationships, or re-producing the documents in those productions in a format that preserves the familial relationship of the documents to each other. *See vMedex*, 2021 WL 4709978 at *2 (ordering that plaintiffs produce documents in "a manner that preserves the familial relationship of the documents to each other").

Given that Intrado has no way of knowing which attachments go with which email, we do not consider Plaintiffs' document production complete. As we've previously noted, we cannot schedule depositions until Plaintiffs finish their document production. To the extent the parties have to be in front of the Court on discovery issues, we will move to compel if necessary.

Regards,
Megan



**Megan Ix Brison**
**PINCKNEY, WEIDINGER, URBAN & JOYCE LLC**
2 Mill Road, Suite 204
Wilmington, Delaware 19806
Direct: (302) 485-0835
Main:  (302) 504-1497
Fax:    (302) 442-7046
MIxBrison@pwujlaw.com
🌐Visit: www.pwujlaw.com



*This e-mail message from the law firm of Pinckney, Weidinger, Urban & Joyce LLC is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*