# Exhibit E

**Fletcher, Heald & Hildreth**

1300 NORTH 17th STREET, 11th FLOOR
ARLINGTON, VIRGINIA  22209

———

OFFICE:  (703) 812-0400
FAX:  (703) 812-0486
www.fhhlaw.com
www.commlawblog.com

THOMAS F. URBAN II
(703) 812-0462
URBAN@FHHLAW.COM

April 3, 2023

<u>Via Electronic Mail</u>

Megan Ix Brison
PINCKNEY, WEIDINGER, URBAN & JOYCE LLC
2 Mill Road, Suite 204
Wilmington, Delaware 19806

> RE:   Discrete Holdings LLC *et al.,* v. Intrado Corporation,
>       Civil Action No. 21-cv-1647 (CFC):
>       Response to M. Brison Letter of March 29, 2023

Dear Ms. Brison:

We are in receipt of your letter of March 29, 2023 regarding the "Meet and Confer" of counsel on March 24, 2023.  I am writing on behalf of my clients Discrete Holdings, LLC, Sean Hsieh and Jordan Levy (collectively "Plaintiffs") to respond to the issues that you raise in your letter.  As you can see, had Intrado's counsel done a little more research and engaged in a little less finger-pointing, you would have been able to answer some of your own questions without imposing on Plaintiffs' counsel and without the vitriol that is contained in your letter.

## 1.  Plaintiffs Have Already Provided a Privilege Log with All Necessary Information

The first demand (not a request) contained in your letter is that "Plaintiffs Must Provide an Amended Redaction Log."  Brison 3/29/2023 Letter ("Letter") at 1, Intrado asserts that it is entitled to such a log pursuant to FRCP 26(b)(5), which requires that when a party withholds information based upon an assertion of privilege, that party must provide information regarding the "nature of the documents, communications, or tangible things not produced or disclosed" to "enable other parties to assess the claim."
Plaintiffs provided a privilege log containing all assertions of attorney-client privilege on February 24, 2023.  That privilege log contained assertions of privilege for all of the documents that were produced by Plaintiffs on March 15, 2023, as well as all other productions.  All of the redactions that were made in those documents were documented in

**Fletcher, Heald & Hildreth**

Megan Ix Brison
April 3, 2023
Page 2

that log and were all based upon attorney-client privilege. Thus, Plaintiffs have satisfied the requirements of Rule 26(b)(5).

**2.    Plaintiffs Always Agreed to Provide Information Regarding the Individuals on Their Privilege Log, Several of Which Intrado Could Have Ascertained with Minimal Research**

The next demand made in your letter is that "Plaintiffs' [sic] Must Identify Individuals on its Privilege Log." Letter at 2. As you well know, Plaintiffs agreed to provide such information during the March 24, 2023 "Meet and Confer" call if Intrado would provide the names sought. There was no reason to demand that "Plaintiffs Must" provide them. Plaintiffs, however, believe that Intrado should have expended at least minimal effort to identify these persons themselves, given that many of them were well known to Defendant's employees and there is identifying information in the documents that Intrado itself and Plaintiffs produced in this case regarding two of these persons. Nonetheless, Plaintiffs will provide the information regarding the seven persons on Intrado' list (Letter at 2):

1.    Brit Bostic – employee of Bayan Towfiq – Seller's Representative;

2.    Tony Leung – Corporate Advisory Associates, Inc. – Plaintiff's accounting consultant;

3.    Colby Chaisson – Vice President, Charitable Planning Consultant for Fidelity Investments Charitable Gift Fund, one of the Sellers;

4.    Amy Grossman – Vice President, Complex Assets Group, and Lawyer -  Fidelity Investments Charitable Gift Fund, one of the Sellers;

5.    Pat Moran – as DEF0003090 explicitly explains, Tax Attorney at Patterson, Russell Kelly, PLLC, who assisted Plaintiffs on tax matters;

6.    Cheng Lui – as DH000911-912 clearly shows, was an FCC attorney who previously worked at Fletcher, Heald & Hildreth, PLC;

7.    Gary Stroud – Senior Vice President, Northwest Bank, who assisted Plaintiffs with various banking issues.

**Fletcher, Heald & Hildreth**

Megan Ix Brison
April 3, 2023
Page 3

As for Nat Burgess and Scott Chandler, contrary to your assertion, they were never identified as attorneys nor that they provided legal advice in the Supplemental Disclosures. To the contrary, both were identified as consultants who assisted Plaintiffs and their counsel with the financial and telecommunications issues related to the transaction, and as such are covered under the attorney-client privilege to the extent that they communicated with Plaintiffs' counsel and others working on behalf of Plaintiffs. Unless you can provide a legitimate basis to review their engagement letters, Plaintiffs decline to provide them, if they exist.

### 3.      Intrado's Inappropriate Confidentiality Designations

While Plaintiffs appreciate Intrado's concession that it improperly withheld and inappropriately designed 89 pages of responsive documents, Plaintiffs do not believe that Intrado has complied with the Protective Order entered into by the Parties. Section 8(a) of the Protective Order limits "Confidential Documents to those that "contain[] or reflect[] confidential, proprietary, and/or commercially sensitive information, including, but not limited to, information that the Producing Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(l)(G)." We do not believe that Intrado has engaged in a good faith review of the documents it has produced to ensure that all of those documents that have been designated "Confidential" (over 19,000) satisfy that requirement. We believe that it is incumbent on Intrado to do that review in the first instance rather than seeking Plaintiffs to do Intrado's work for it. Letter at 3. We request that Intrado agree to make a good faith effort to review all of their designations to ensure that only those documents that satisfy the requirement of Section 8(a) are designated as "Confidential."

### 4.      Intrado is Obligated to Produce Documents Even if Those Documents are Damaging to Intrado's Legal Positions

Plaintiffs strongly disagree with Intrado's refusal to produce invoices sent to Flowroute customers during the time that Intrado owned Flowroute. Letter at 4. Plaintiffs have already uncovered evidence that establishes that Intrado collected fees from customers that it now seeks from Plaintiffs. DEF0017945. Although Intrado argues that "these invoices are not relevant to Lawsuit [sic]" and that "Intrado is prepared to produce a witness to testify on issues raised related to regulatory surcharges," it refuses to produce any of these

**Fletcher, Heald & Hildreth**

Megan Ix Brison
April 3, 2023
Page 4

invoices[1] because they "would present an incomplete picture of whatever information Plaintiffs are seeking." Letter at 4. Intrado does not get to decide what relevant evidence they will produce and what they will not based upon the "picture" such evidence will present. Intrado must produce all relevant evidence, no matter how damaging, and then make their arguments to the fact-finder why that evidence does not mean what it says. It is Intrado's position that Plaintiffs and this Court should just trust Intrado's witnesses without permitting access to documentary evidence to test those witnesses' testimony.

### 5.    Other Outstanding Issues

Although we do not understand the delay in responding regarding producing the documents regarding the negotiations concerning the Tax Side Letter, especially given that it appears likely that it is incorporated into the SPA, we look forward to Intrado's response on April 5. Please understand, if Intrado refuses to produce these documents or further delays its decision, Plaintiffs will have no option but to bring this matter to the attention of the Court. We also look forward to Intrado's belated responses to the Second Set of Requests for Admissions, which were served on Intrado on December 30, 2023, over three months ago.

As promised, on March 29, Plaintiffs did produce copies of the attachments that Plaintiffs were able to find to the documents that were produced on March 15. Plaintiffs are in the process of supplementing their responses to the First and Second Sets of Interrogatories, so they will provide a Verification after those supplementations.

In addition to the matters raised in Intrado's letter, the parties had also discussed the following issues during their consult and confer on March 24:

A.  Search for Documents – During the March 24 call, Intrado's counsel asserted that they did a "global" search of the Flowroute and West/Intrado servers for documents, not a "custodian by custodian" search. Given the limited number of West and Flowroute employees who were involved in this transaction, we request that Intrado conduct a "custodian by custodian" search of the files of those relevant persons, especially Nicholas Engelbreit, James Creigh, and Joseph Mullin, for relevant documents regarding the issues raised in this lawsuit.

B.  Depositions – Intrado agreed to contact Nicholas Engelbreit regarding deposition dates. We have not yet heard back from Intrado on this issue. Given that there is not

---

[1]    Intrado asserts that there are two types of invoices – one set that cannot be produced because submitted on a "pre-pay basis" and the other that do exist in a physical form. Intrado must at least produce the latter and provide summaries or other evidence of the former.

**Fletcher, Heald & Hildreth**

Megan Ix Brison
April 3, 2023
Page 5

yet any stay of discovery, we request that this deposition be scheduled in the next two weeks, as we may have a discovery deadline of April 25, a date that is fast approaching.

C.  As for the corporate designee deposition of Intrado, we are available today after 2:00 pm to discuss any questions regarding the topics that will be the subject of the deposition.  If there are any disagreements that require Court intervention, we can still begin the deposition on April 10 on the issues for which there are no disputes.  During that call, we can discuss any concerns that you have regarding Plaintiffs' proposed Scheduling Order provided to the Court.

We look forward to working with Intrado's counsel to hopefully resolve any disagreements regarding these issues and to hopefully avoid involving the Court in any of these issues.

Sincerely,

/s/ Thomas F. Urban II

Thomas F. Urban II
*Counsel for Plaintiffs*