# **Exhibit H**

 **Pinckney, Weidinger, Urban & Joyce LLC**

2 Mill Road, Suite 204❖Wilmington, Delaware 19806
Telephone (302) 504-1497❖Facsimile (302) 442-7046

Megan Ix Brison
(302) 485-0835
Mixbrison@pwujlaw.com

March 29, 2023

<u>VIA E-MAIL</u>

Margaret England
Gellert Scali Busenkell & Brown LLC
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801

Thomas F. Urban II
Fletcher, Heald & Hildreth
1300 North 17th Street, 11th Floor
Arlington, VA 22209

> **RE:** *Discrete Holdings v. Intrado*, **CA No. 1:21-cv-01647-CFC**
> **Follow-up Regarding March 24, 2023 Meet and Confer**

Dear Counsel:

I write on behalf of Intrado Corporation ("Intrado") to follow up on our meet and confer telephone call on March 24, 2023 with regard to discovery matters in the above-captioned litigation in the District Court for the District of Delaware (the "Lawsuit").

## 1. Plaintiffs Must Produce an Amended Redaction Log

During the March 24 meet & confer, Intrado requested that Plaintiffs provide an updated redaction log. Plaintiffs' counsel requested authority requiring it to do so.

Federal Rule 26(b)(5) provides: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the

March 29, 2023
P a g e | **2**

claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

If it is Plaintiffs position that any of the redactions appearing on Plaintiffs' redaction log are withholding privileged information, those documents and communications must be included on a privilege log; or at a minimum, the redaction log must provide sufficient information for a claim of privilege to be assessed.

If Plaintiffs' position is that the redactions are not related to privileged information, please provide the basis for each of the redactions, or, produce unredacted documents.

## 2. Plaintiffs' Must Identify Individuals on its Privilege Log

Please identify the following individuals, who appear on Plaintiffs' privilege log, and their relationship to Plaintiffs:

     i.  Brit Bostic
    ii.  Tony Leung
  iii.  Colby Chaisson
  iv.  Amy Grossman
    v.  Pat Moran
  vi.  Cheng Liu
 vii.  Gary Strand

Additionally, please produce the engagement letters for Scott Chandler and Nat Burgess. Based on the descriptions in Plaintiffs' Supplemental Response to their Initial Disclosures for Messrs. Burgess and Chandler, it is not clear to us that they were engaged to provide legal advice.

Pursuant to Federal Rule 26(b)(5), Intrado must be able to assess claims of privilege, and it cannot do so without knowing the identities of all of the individuals named on the privilege log, and the details of the engagements of Scott Chandler and Nat Burgess.

March 29, 2023
P a g e | **3**

### 3. Intrado's Confidential Designations

Plaintiffs objected to Intrado's designation of its document production as confidential. As you know, the Complaint relates to a non-public transaction, and Intrado considers the negotiation thereof, and Flowroute and Intrado financial information and other discovery materials going to the Disputed Fees, to be confidential.

During the March 24 meet & confer, you objected to the designation of outlook calendar entries as confidential. We advised you that we would review the stipulated protective order ("Protective Order") and get back to you.

We have had a chance to review the Protective Order. Section 7(f) of the Protective Order provides the procedure for designation challenges. Additionally, the Protective Order does not restrict Plaintiffs' use of confidential documents in the litigation. Should a particular designation of a specific document be an issue, pursuant to the Protective Order, Intrado is willing to engage in a good faith effort to resolve disputes related to specific documents for which Plaintiffs want to challenge the designation.

In an effort to resolve this issue, Intrado has reviewed its production, as well as the documents identified in Mr. Urban's January 18, 2023 letter. At this time, Intrado removes the "Confidential" designation from the following documents:

| | | |
|---|---|---|
| DEF 1-2 | DEF 18066-18068 | DEF 18104-18109 |
| DEF 693-94 | DEF 18069-18072 | DEF 18110-18115 |
| DEF 1367-1373 | DEF 18080-18083 | DEF 18116-18120 |
| DEF 1374-1380 | DEF 18084-18087 | DEF 18121-18122 |
| DEF 1381-1386 | DEF 18088-18092 | DEF 18123-18125 |
| DEF 1387-1390 | DEF 18093-18095 | DEF 18126-18129 |
| DEF 1391-1393 | DEF 18096-18097 | DEF 18130-18131 |
| DEF 1394-1396 | DEF 18098-18103 | |

To the extent Plaintiffs wish to challenge any other confidential designations, it must follow the procedure in the Protective Order.

March 29, 2023

P a g e | **4**

### 4. Intrado Will Not Produce Invoices

On the March 24 meet & confer, you again raised the issue of whether Intrado would produce documents in response to Request No. 2 of Plaintiffs' Second Set of Requests for Production seeking "any and all invoices sent to customers Defendant acquired from Plaintiff from the Closing Date through December 31, 2020". We indicated that we would get back to you on this issue. We have had a chance to further consider this request, and Intrado stands by its prior objections.

Intrado established a regulatory surcharge at the beginning of 2019. As a preliminary matter, the regulatory surcharges that were collected by Intrado applied to future liabilities outside of the periods for which the Disputed Fees are sought. The invoices are not relevant to the Disputed Fees.

Further, as we have previously stated, and as Plaintiffs should know, the Flowroute transaction platform Defendant acquired operated on a pre-pay basis. It does not generate invoices. Accordingly, there are no invoices to produce for regulatory surcharges collected from the pre-paid customer base. To the extent there are invoices for a subset of the customer base, these invoices are not relevant to Lawsuit, and in any event, would present an incomplete picture of whatever information Plaintiffs are seeking. The collection and production of those invoices would be unduly burdensome and not proportional to the needs of the case. As previously stated, Intrado is prepared to produce a witness to testify on issues raised related to regulatory surcharges.

### 5. Outstanding Issues

From Intrado's side, we are still in the process of investigating the volume of documents and communications related to negotiations of the side tax letter. We need additional time to confer with our client regarding a deposition of Nick Engelbart, and are similarly working to obtain potential dates for the 30(b)(6) deposition noticed by Plaintiffs. If we have not heard from the Court by Monday, April 3 regarding the letters and motions that were filed this week, we request to schedule a meet and confer to discuss the scope of the deposition pursuant to F.R.C.P. 30(b)(6).

March 29, 2023

P a g e | **5**

We also confirm that Intrado will serve responses to Plaintiffs' Second Set of Requests for Admissions on or before April 5, 2023.  Please let us know if Plaintiffs believe there are any other outstanding issues.

With respect to Plaintiffs, we understand that attachments to Plaintiffs' prior productions will be produced today.  We are still waiting for Plaintiffs to provide verifications for their responses to Intrado's First and Second Sets of Interrogatories.  Finally, we request that Plaintiffs respond to Nos. 1 and 2 above, by producing an amended redaction log and providing the information requested regarding Plaintiffs' privilege log, on or before April 5, 2023 so that Intrado may assess whether or not further action will be necessary on these issues.

Intrado reserves all rights and remedies with regard to the subject matter of this letter.  Please let me know if you would like to meet and confer on these matters any further.

Sincerely,

*/s/ Megan Ix Brison*

Megan Ix Brison