# Exhibit I

## Megan Ix Brison

**From:** Elizabeth Wilburn Joyce
**Sent:** Tuesday, April 4, 2023 2:01 PM
**To:** Margaret F. England; Thomas Urban; Megan Ix Brison; Tony Lee; Seth Williams
**Cc:** Bradley P. Lehman
**Subject:** RE: Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Margaret, thank you for your email.

Certainly, at the time of the parties' March 24 meet & confer we believed that Plaintiffs would act in good faith to resolve the admitted "snafu" with their document production in short order, by re-producing emails with their attachment when the attachments had been omitted. Since, however, the "snafu" has not been cured. Instead, the problems have only been compounded by Plaintiffs' production of attachments only - divorced from their familial emails, with no metadata. Megan Brison detailed the material errors with the "attachment log" produced by Plaintiffs last week which render it wholly unreliable. Were Plaintiffs on the receiving end of a production and chart of this nature, I have no doubt they would have moved to compel already. Plaintiffs only raise more questions when they say in their April 3rd letter, "on March 29, Plaintiffs did produce copies of the attachments that *Plaintiffs were able to find* to the documents that were produced on March 15." (emphasis added). This sentence only bolsters the need for metadata, in addition to the litany of reasons identified in Megan's March 31 email.

The relation to deposition practice is obvious. We are only deposing witnesses one time. Each side is entitled to adequate time to review documents from the other side prior to such deposition practice. The documents which Plaintiffs have separated attachments from emails relate to the negotiation of the SPA which Plaintiffs have placed at issue.

The same goes for interrogatory responses. Written discovery should be completed before deposition practice begins. Now, on April 3rd, Plaintiffs assert that they "are in the process of supplementing their responses to the First and Second Sets of Interrogatories," and will provide a Verification after those supplementations. Is it Plaintiffs' position that they are unable to or are refusing to verify their initial Interrogatory Responses served November 28, 2022 and January 11, 2023, notwithstanding the plain requirement for verification in FRCP Rule 33?

Plaintiffs' redaction and privilege logs are likewise materially deficient. There are no Bates numbers on either log, so how is counsel for any party able to make the connection between an explanation on the log to a particular email or attachment? This is even more problematic during a negotiation given that there are many emails on the same date and Plaintiffs' logs only provide dates of documents, not times. Plaintiffs' April 3 letter suggests that "all of the redactions that were made in [the March 15 production] were documented in [the privilege log] and were all based upon attorney-client privilege." There is simply no way to match the documents "identified" on Plaintiffs' redaction log to documents on Plaintiffs' privilege log. Further, simply stating the redactions are based on "attorney-client privilege" does not permit Intrado to assess the claim, and does not comply with Rule 26(b)(5). As an aside, Intrado does not understand why, if the redacted documents produced on March 15 are reflected on the February 23 privilege log, Plaintiffs waited an additional three weeks to produce those documents.

The Court has scheduled us for a discovery conference and oral argument on April 11. Can we agree that no deposition will go forward on Easter Monday, or will be re-scheduled until after the April 11 hearing, specifically including the noticed Rule 30(b)(6)? Otherwise, Intrado will be forced to seek a protective order.

On the March 24 meet & confer, we offered to look into the feasibility and proportionality of an additional production related to negotiations of the tax side letter. This was offered as a compromise of Plaintiffs' construction of their own document requests to encompass negotiation of the entire transaction, given that the Complaint focuses on

indemnification of the Disputed Fees alone.  Given the communications since that agreement, it is evident that Plaintiffs are not honoring this compromise.  Instead, Plaintiffs appear to be taking a drip, drip, drip approach to additional discovery.  Since the March 24 meet & confer, Plaintiffs have represented that they "merely seek relevant documents regarding the negotiation of the relevant provisions of the SPA that are implicated by Intrado's indemnification request, *including but not limited to,* the Tax Side Letter" (emphasis added).  On April 3, Plaintiffs requested a "'custodian by custodian' search of the files . . . for relevant documents regarding the *issues raised in this lawsuit.*" (emphasis added).  Plaintiffs claim that "[n]o one has argued that 'Plaintiffs['] document requests [should be construed] to broadly seek all documents and communications related to every document in the SPA closing binder,'  yet Plaintiffs have either refused, or been unable to articulate, specifically what their document requests allegedly encompass.  Intrado searched for, reviewed, and produced documents responsive to Plaintiffs' document requests in 2022.  Intrado objects to Plaintiffs' attempt at piecemeal fishing expeditions and does not intend to produce any further documents based on Plaintiffs' new and evolving positions regarding the scope of their document requests.

Please advise as to Plaintiffs' availability for a call on Wednesday so that we may attempt to narrow the issues for the Court next week.  In addition, please advise if Plaintiffs intend to file papers opposing Defendant's pending motions and if so, when. We are entitled to a reply.

Regards,
Elizabeth



**Elizabeth Wilburn Joyce**
**PINCKNEY, WEIDINGER, URBAN & JOYCE LLC**
2 Mill Road, Suite 204
Wilmington, Delaware 19806
Direct:    (302) 504-3360
Main:     (302) 504-1497
Fax:       (302) 442-7046
EWilburnJoyce@pwujlaw.com
🌐Visit: www.pwujlaw.com



*This e-mail message from the law firm of Pinckney, Weidinger, Urban & Joyce LLC is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

**From:** Margaret F. England <mengland@gsbblaw.com>
**Sent:** Monday, April 3, 2023 9:04 PM
**To:** Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>; Thomas Urban <urban@fhhlaw.com>; Megan Ix Brison <MIxbrison@pwujlaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>
**Cc:** Bradley P. Lehman <BLehman@gsbblaw.com>
**Subject:** Re: Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Elizabeth,

I am writing to correct your statement about my discussions with Megan. When I spoke to Megan on March 27 prior to contacting the Court about the swath of motions filed, I indicated to her that the date in the Rule 30(b)(6) notice of deposition filed that same day, could be flexible based upon witness availability. The statement was made assuming by this time (a week later), we would have made some progress in designating the various witnesses to address each topic. Thus far, we have not had any such discussions and have not received any alternative dates from you.

Please be advised that Plaintiffs are intending on proceeding with the deposition as noticed. Given the time constraints in place in this case, we cannot delay any further.

Margaret

---

**From:** Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Date:** Monday, April 3, 2023 at 6:20 PM
**To:** Thomas Urban <urban@fhhlaw.com>, Megan Ix Brison <MIxbrison@pwujlaw.com>, Margaret F. England <mengland@gsbblaw.com>, Tony Lee <lee@fhhlaw.com>, Seth Williams <williams@fhhlaw.com>
**Cc:** Bradley P. Lehman <BLehman@gsbblaw.com>
**Subject:** Re: Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Tom, I'm sorry Megan and I were not available on such short notice this afternoon. We could schedule a call on Wednesday afternoon from 2 pm and after.

With regard to Plaintiffs' Notice of Rule 30(b)(6) deposition, Margaret advised Megan during their call on March 30 that the noticed April 10 date was just a placeholder and we have been treating it as such.

We will be prepared to discuss the other issues in your letter of this morning, and the additional outstanding discovery issues that Intrado has raised, during the next meet & confer.

Regards,
Elizabeth

**Elizabeth Wilburn Joyce**
**Pinckney, Weidinger, Urban & Joyce LLC**
2 Mill Road, Suite 204
Wilmington, Delaware 19806
Direct:    (302) 504-3360
Main:      (302) 504-1497
Fax:        (302) 442-7046
EWilburnJoyce@pwujlaw.com
www.pwujlaw.com

---

**From:** Thomas Urban <urban@fhhlaw.com>
**Sent:** Monday, April 3, 2023 2:56:18 PM
**To:** Megan Ix Brison <MIxbrison@pwujlaw.com>; Margaret F. England <mengland@gsbblaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>
**Cc:** Bradley P. Lehman <BLehman@gsbblaw.com>; Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** RE: Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Megan and Elizabeth –

We are available for a call at 4 pm to discuss the Intrado Corporate Designee deposition and other matters.  Please let us know if that still works for you.

Tom

Thomas F. Urban II
Member
Fletcher, Heald & Hildreth, PLC
Licensed to practice law in the Virginia, District of Columbia, and Texas.
1300 N. 17th Street, Suite 1100 | Arlington, VA 22209
Tel: 703.812.0462 | Fax: 703.812.0486 | Mobile: 703-861-5235 urban@fhhlaw.com| www.fhhlaw.com
|www.commlawblog.com

---

**From:** Thomas Urban
**Sent:** Monday, April 03, 2023 11:04 AM
**To:** Megan Ix Brison <MIxbrison@pwujlaw.com>; Margaret F. England <mengland@gsbblaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>
**Cc:** Bradley P. Lehman <BLehman@gsbblaw.com>; Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** RE: Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Counsel –

Attached please find our response to Ms. Brison's letter of March 29.

Thomas F. Urban II
Member
Fletcher, Heald & Hildreth, PLC
Licensed to practice law in the Virginia, District of Columbia, and Texas.
1300 N. 17th Street, Suite 1100 | Arlington, VA 22209
Tel: 703.812.0462 | Fax: 703.812.0486 | Mobile: 703-861-5235
urban@fhhlaw.com| www.fhhlaw.com |www.commlawblog.com

---

**From:** Megan Ix Brison <MIxbrison@pwujlaw.com>
**Sent:** Wednesday, March 29, 2023 4:56 PM
**To:** Margaret F. England <mengland@gsbblaw.com>; Thomas Urban <urban@fhhlaw.com>; Tony Lee <lee@fhhlaw.com>; Seth Williams <williams@fhhlaw.com>
**Cc:** Bradley P. Lehman <BLehman@gsbblaw.com>; Elizabeth Wilburn Joyce <EWilburnJoyce@pwujlaw.com>
**Subject:** Discrete v. Intrado - 3.24 Meet & Confer Follow-up

Counsel,

Please see the attached letter.

Regards,
Megan



**Megan Ix Brison**
**Pinckney, Weidinger, Urban & Joyce LLC**
2 Mill Road, Suite 204
Wilmington, Delaware 19806
Direct: (302) 485-0835
Main:  (302) 504-1497
Fax:    (302) 442-7046
MIxBrison@pwujlaw.com
🌐Visit: www.pwujlaw.com



*This e-mail message from the law firm of Pinckney, Weidinger, Urban & Joyce LLC is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*